IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERRICK WAYNE McDADE, #1608808, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-1811-P (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

This is a *pro se* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case.

Petitioner filed his habeas corpus petition on the *state* form for seeking habeas corpus relief pursuant to Art. 11.07 of the Texas Code of Criminal. On September 17, 2010, the court ordered Petitioner to advise the court within thirty days if he sought to proceed in state or federal court. In the event Petitioner sought to proceed in federal court, the order required Petitioner to submit his petition on the federal habeas form and pay the $5.00 filing fee or submit a proper request to proceed *in forma pauperis*. As of the filing of this recommendation, Petitioner has not

responded to the above order nor has he sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the court's September 17, 2010, order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

---

[1] The higher standard for dismissal with prejudice for want of prosecution is presently inapplicable to this case. *See Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (applying higher standard set out in *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985), to time-barred habeas petition). Since Petitioner challenges back time credits stemming from his November 17, 2009 conviction in Navarro County, his present petition does not appear barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). However, Petitioner is cautioned to act expediently in seeking relief on the appropriate form in state or federal court.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED November 3, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE